**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISON**
www.flsb.uscourts.gov

**GLORIA JEAN OUSLEY BELLAMY,**          **Case No. 19-26594-EPK**

     **Debtor.**          **Chapter 13**

_____/

**DEBTOR'S MOTION FOR THE IMPOSITION OF**
**SANCTIONS AND AN AWARD OF DAMAGES, PUNITIVE DAMAGES,**
**ATTORNEYS' FEES AND COSTS AGAINST STRATEGIC LINK**
<u>**CONSULTING, LP FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**</u>

Debtor, Gloria Jean Ousley Bellamy ("<u>Debtor</u>"), by and through her undersigned counsel who is making a limited appearance in this case for the sole purpose of filing and prosecuting this motion, and pursuant to 11 U.S.C. §§ 105(a) and 362(k)(1), files this Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Strategic Link Consulting, LP ("<u>Strategic</u>") for its repeated willfully violations of the automatic stay, as follows:

**Preliminary Statement**

On April 21, 2020, undersigned telephoned MaxLend's customer service number and spoke with an individual who informed him that she is actually employed by Strategic and provided the name of the customer service manager (name Nia Hodo) who is in charge of the MaxLend account and her phone number with an Atlanta, GA area code [678] and whose email address is <u>nhodo@slchq.com</u>.

Nia Hodo's name was previously provided to undersigned on April 8, 2020 during another phone call with who undersigned believed with a MaxLend customer service representative who said her manager's name was Nia Hodo who works out of Atlanta.   As set forth on <u>Exhibit "A"</u>

1

attached hereto, Strategic is Texas limited partnership whose corporate address is 2015 Vaughn Road, Suite 575, Kennesaw, GA 30060 and whose limited partners are Jay Clark and SL Consulting Management, Inc.  As set forth on Exhibit "B" attached hereto, Strategic's website address is www.slchq.com – the same as the one use for Nia Hodo's email address.

**A.     Relevant Background**

1.     Debtor filed this case on December 12, 2019 (the "Petition Date").

2.     On December 23, 2019, Debtor filed her bankruptcy schedules [ECF No. 9], listing MaxLend as an unsecured creditor on Schedule E in the amount of $4,049 and with an address of 217 3rd Avenue, Parshall, ND 58770.

3.     On February 18, 2020, Debtor filed Amended Motion for Sanctions for Willfully Violating the Automatic Stay (the "First Motion") [ECF No. 29], for what undersigned has just learned, was Strategic's constant emails and phone calls to the Debtor on behalf of MaxLend, demanding payment for debts that arose prior to the Petition Date in willful violation of the automatic stay.

4.     The First Motion, which in the interests of brevity is fully incorporated herein and a copy of which is attached hereto as Exhibit "C".

5.     On March 5, 2020, the Court held a hearing on the First Motion which was duly-noticed to MaxLend, who did not appear or file any response to the First Motion.

6.     On March 16, 2020, the Court entered its Order Awarding Actual and Punitive Damages Against MaxLend [ECF No. 35], a copy of which is attached as Exhibit "D".

7.     As undersigned has just learned today, Strategic on behalf of MaxLend, was the one making the phone calls and sending the emails and then continued its constant emails and phone calls to the Debtor, causing the Debtor to file a Second Motion for Sanctions for Willfully

Violating the Automatic Stay (the "Second Motion") [ECF No. 39] on March 18, 2020, which in the interests of brevity is fully incorporated herein and a copy of which is attached hereto as Exhibit "E".

8.      Thereafter, Debtor filed a Supplement to the Second Sanctions Motion, a copy of which is attached hereto as Exhibit "F" [ECF No. 45].

9.      On April 14, 2020, the Court entered its Order Awarding Additional Actual and Punitive Damages Against MaxLend (the "Second Sanctions Order") [ECF No. 50], a copy of which is attached hereto as Exhibit "G".

10.     To date, MaxLend has failed to pay any of the monies awarded pursuant to the First Sanctions Order and Second Sanctions Order.

11.     The daily phone calls and periodic emails from Strategic to the Debtor have finally stopped – but only after this Court's issuance of two sanctions orders.

12.     Nia Hodo has failed to respond to any of undersigned emails or phone calls.

13.     Nobody from Strategic or MaxLend has ever reached out to undersigned as well.

14.     This motion is also being served by email upon James Robert Manion, III, who is listed on Strategic's website as being its Chief Legal Officer and upon Stategic's registered agent listed with the State of Texas Secretary of State.

**B.      Legal Authority**

15.     Section 362(k)(1) of the Bankruptcy Code authorizes the award of actual and punitive damages for willful violations of the automatic stay. *Vaughn v. Cent. Miss. Credit Corp. (In re Vaughn)*, 542 B.R. 589, 598 (Bankr. M.D. Ala. 2015).

16.     In the case of *In re WVF Acquisition, LLC*, 420 B.R. 902, 910 (Bank. S.D. Fla. 2009) (Kimball, J.), this Court held:

3

Damages may be awarded for violation of the automatic stay when the violation is "willful." *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996) (citations omitted). A violation of the automatic stay is "willful if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *Id*. (citing cases in other circuits). The requirement that the violator knew of the automatic stay does not mean that the violator need be aware of the provisions of section 362. It is sufficient that the violator had actual knowledge of the bankruptcy case, *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004), or "notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed." *Sansone v. Walsworth (In re Sansone)*, 99 B.R. 981, 984 (Bankr. C.D. Cal. 1989) (citation omitted).

*Id*.

17.     Strategic's actions discussed in the First Motion and Second Motion represent a willful violation of the automatic stay because it (through MaxLend) had actual knowledge of this bankruptcy case and of the automatic stay and has continued to collect and attempt to collect monies from the Debtor in violation of 11 U.S.C. § 362(a)(6) (the automatic stay prevents a creditor from undertaking "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case").

18.     As a result of Strategic's willful violations of the automatic stay, the Debtor has been injured and he entitled to recover actual damages, including costs and attorneys' fees pursuant to 11 U.S.C. § 362(k)(1).

19.     When faced with the issue of punitive damages for willful violations of the automatic stay, this Court also held:

"[P]unitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are 'reserved . . . for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief.' To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987) (quoting *Cochetti v. Desmond*, 572 F.2d 102, 106 (3d Cir. 1978)). Decisions awarding punitive damages in this context typically consider the following factors: (1) the

nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor. *Id*. at 905-06; *see also In re White*, 410 B.R. 322, 327 (Bankr. M.D. Fla. 2009) (citing cases); *In re Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003) (citing various cases).

*Id*. at 914

20.     In this case, Strategic's actions justify the imposition of punitive damages due the continuous and numerous violations of the automatic stay discussed above.  The Debtor has been harassed constantly with phone calls, had money withdrawn from her account after filing bankruptcy and had to pay money to stop the second attempt to withdraw money from her account.

21.     Undersigned has no reason to believe Strategic has any inability to pay a punitive damage award and should suffer punishment to deter any future willful violations of the automatic stay in other bankruptcy cases and causing harm to innocent debtors.

22.     As such, based on the facts and applicable law discussed herein, the Court should also  award punitive damages against Strategic pursuant to 11 U.S.C. § 362(k)(1).

**WHEREFORE**, the Debtor respectfully requests the entry of an order imposing sanctions against Strategic Link Consulting, LP for willfully violating the automatic stay, awarding actual damages, punitive damages, attorney's fees and costs in favor of the Debtor and against Strategic Link Consulting, LP and providing for such other relief as the Court deems just and proper.

Respectfully submitted on this 21st day of April, 2020.

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for Debtor*
150 S. Pine Island Road, Suite 300
Plantation, Florida 33324
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200
Facsimile:  (877) 654-0090
By:   /s/ Mark S. Roher
        Mark S. Roher
        Florida Bar No. 178098

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of April, 2020, a true and correct copy of the

foregoing was served by CM/ECF on all parties listed below and by U.S. Mail where indicated.

/s/ *Mark S. Roher*

Mark S. Roher

**CM/ECF**

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**U.S. Mail**

Strategic Link Consulting, LP
Attention:  Jay Clark - Chief of Staff and General Partner
2015 Vaughn Road
Suite 575
Kennesaw, GA 30060

Strategic Link Consulting, LP
Attention:  James Robert Manion, III -Chief Legal Officer
3011 Quail Run Dr.
High Point, NC 27265-2583

Strategic Link Consulting, LP
c/o National Registered Agents, Inc.
1999 Bryan St., Ste 900
Dallas, TX 75201

# GEORGIA
# CORPORATIONS
# DIVISION

# EXHIBIT "A"
GEORGIA SECRETARY OF STATE
# BRAD RAFFENSPERGER

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **STRATEGIC LINK CONSULTING, LP** | Control Number: | **09059530** |
| Business Type: | **Foreign Limited Partnership** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **2015 Vaughn Rd, Suite 575, Kennesaw, GA, 30144, USA** | Date of Formation / Registration Date: | **8/10/2009** |
| Jurisdiction: | **Texas** | Last Annual Registration Year: | **2020** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **National Registered Agents, Inc.** |
| Physical Address: | **289 S. Culver Street, Lawrenceville, GA, 30046-4805, USA** |
| County: | **Fulton** |

### GENERAL PARTNER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| Jay Clark | General Partner | 2015 Vaughn Rd, Suite 575, Kennesaw, GA, 30144, USA |
| SL CONSULTING MANAGEMENT,, INC. | General Partner | 2015 Vaughn Rd, Suite 575, Kennesaw, GA, 30144, USA |

Back                        Filing History        Name History
                              Return to Business Search



EXHIBIT "B"

# Contact Us

Strategic Link is headquartered in Atlanta Georgia and is the premier provider of lending solutions for the consumer specialty finance sector. We're a fintech pioneer that's been delivering end-to-end, advanced technology platforms with highly integrated services and support since 2005.

If you need account support or have questions about our Loan Management System powered by TranDotCom℠ technology, would like to learn more about leveraging solutions or services, or have any other questions, please contact us using the form below.

---

**CORPORATE HEADQUARTERS**

Strategic Link
2015 Vaughn Road
Suite 575
Kennesaw, GA 30060

**CONTACT INFORMATION**

Toll-free: 1 (888)-884-2511
LinkedIn

**BUSINESS HOURS**

Mon-Fri, 8:30AM-5:30PM EST

---

Privacy · Terms

# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISON**
www.flsb.uscourts.gov

**GLORIA JEAN OUSLEY BELLAMY,**                    **Case No. 19-26594-EPK**

**Debtor.**                                                          **Chapter 13**

_____/

### DEBTOR'S AMENDED[1] MOTION FOR THE IMPOSITION OF SANCTIONS AND AN AWARD OF DAMAGES, PUNITIVE DAMAGES, ATTORNEYS' FEES AND COSTS AGAINST MAKE CENTS INC. d/b/a MAXLEND

Debtor, Gloria Jean Ousley Bellamy ("Debtor"), by and through her undersigned counsel who is making a limited appearance in this case for the sole purpose of filing and prosecuting this motion, and pursuant to 11 U.S.C. §§ 105(a) and 362(k)(1), files this Amended Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Make Cents, Inc. d/b/a MaxLend ("MaxLend") its repeated willfully violations of the automatic stay, as follows:

**A.        Relevant Background**

1.        Debtor filed this case on December 12, 2019 (the "Petition Date").

2.        On December 23, 2019, Debtor filed her bankruptcy schedules [ECF No. 9], listing MaxLend as an unsecured creditor on Schedule E in the amount of $4,049 and with an address of 217 3rd Avenue, Parshall, ND 58770.

3.        On December 25, 2019, the Notice of Meeting of Creditors [ECF No. 14] was mailed to MaxLend [ECF No. 15].

---

[1]        Amended to delete paragraph 9 and Exhibit "E" that was erroneously referenced and attached to the original motion.

1

4.      According to MaxLend's website, its physical address is 217 3rd Avenue, Parshall, ND 58770.  A copy of the website page is attached hereto as Exhibit "A".

5.      A review of the Court's docket reveals that none of the notices send by the Court to MaxLend have been returned as undeliverable.

6.      Despite having received actual notice of this bankruptcy case, MaxLend withdrew from Debtor's account via ACH transfer $263.98 on January 3, 2020 and also attempt to withdraw another $263.98 on February 3, 2020 as set forth on Exhibit "B" attached hereto.

7.      Debtor was able to stop the attempted February 3, 2020 withdrawal but had to incur a $30.00 stop payment fee as set forth on Exhibit "C" attached hereto.

8.      On January 30, 2020, MaxLend emailed the Debtor stating:

*Your scheduled payment is due soon*

*Hi Gloria Jean,*

*Just a little reminder that the next scheduled payment for your MaxLend installment*

*loan is due in 4 days.  Please ensure that funds are available in your account.*

A copy of this email is attached hereto as Exhibit "D" (emphasis in original).

9.      Finally, representatives from MaxLend have been calling the Debtor every day since February 5, 2020 as set forth on the Debtor's hand-written phone log attached hereto as Exhibit "F".

**B.      Legal Authority**

10.      Section 362(k)(1) of the Bankruptcy Code authorizes the award of actual and punitive damages for willful violations of the automatic stay. *Vaughn v. Cent. Miss. Credit Corp. (In re Vaughn)*, 542 B.R. 589, 598 (Bankr. M.D. Ala. 2015).

11.      In the case of *In re WVF Acquisition, LLC*, 420 B.R. 902, 910 (Bank. S.D. Fla.

2009) (Kimball, J.), this Court held:

> Damages may be awarded for violation of the automatic stay when the violation is "willful." *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996) (citations omitted). A violation of the automatic stay is "willful if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *Id*. (citing cases in other circuits). The requirement that the violator knew of the automatic stay does not mean that the violator need be aware of the provisions of section 362. It is sufficient that the violator had actual knowledge of the bankruptcy case, *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004), or "notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed." *Sansone v. Walsworth (In re Sansone)*, 99 B.R. 981, 984 (Bankr. C.D. Cal. 1989) (citation omitted).

*Id*.

12.     MaxLend's actions discussed above represent a willful violation of the automatic stay because it had actual knowledge of this bankruptcy case and of the automatic stay and has continued to collect and attempt to collect monies from the Debtor in violation of 11 U.S.C. § 362(a)(6) (the automatic stay prevents a creditor from undertaking "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case").

13.     As a result of Debtor's willful violations of the automatic stay, the Debtor has been injured and he entitled to recover actual damages, including costs and attorneys' fees pursuant to 11 U.S.C. § 362(k)(1).

14.     When faced with the issue of punitive damages for willful violations of the automatic stay, this Court also held:

> "[P]unitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are 'reserved . . . for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief.' To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987) (quoting *Cochetti v. Desmond*, 572 F.2d 102, 106 (3d Cir. 1978)). Decisions awarding punitive damages in this context typically consider the following factors: (1) the

nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor. *Id*. at 905-06; *see also In re White*, 410 B.R. 322, 327 (Bankr. M.D. Fla. 2009) (citing cases); *In re Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003) (citing various cases).

*Id*. at 914

15.     In this case, MaxLend's action justify the imposition of punitive damages due the continuous and numerous violations of the automatic stay discussed above.  The Debtor has been harassed constantly with phone calls, had money withdrawn from her account after filing bankruptcy and had to pay money to stop the second attempt to withdraw money from her account.

16.     Undersigned has no reason to believe MaxLend has any inability to pay a punitive damage award and should suffer punishment to deter any future willful violations of the automatic stay in other bankruptcy cases and causing harm to innocent debtors.

17.     As such, based on the facts and applicable law discussed herein, the Court should award punitive damages against MaxLend pursuant to 11 U.S.C. § 362(k)(1).

**WHEREFORE**, the Debtor respectfully requests the entry of an order imposing sanctions against Make Cents, Inc. d/b/a MaxLend for willfully violating the automatic stay, awarding damages, punitive damages, attorney's fees and costs in favor of the Debtor and against Make Cents, Inc. d/b/a MaxLend and providing for such other relief as the Court deems just and proper.

Respectfully submitted on this 17th day of February, 2020.

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for Debtor*
150 S. Pine Island Road, Suite 300
Plantation, Florida 33324
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200
Facsimile:  (877) 654-0090
By:    */s/ Mark S. Roher*
          Mark S. Roher
          Florida Bar No. 178098

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of February, 2020, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below and by U.S. Mail, Federal Express and facsimile where indicated on February 18, 2020.

/s/ *Mark S. Roher*
Mark S. Roher

**CM/ECF**

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**U.S. Mail and Federal Express and Facsimile**

Make Cents, Inc. d/b/a MaxLend
Attention: Richard Mayer, Chief Operating Officer
217 3rd Avenue
Parshall, ND 58770
Fax: (701) 862-2368

# EXHIBIT "A"

 **M A X** L E N D (INDEX.ASPX)     📞 (TEL://877-936-4336)     🔒 (LOGIN.ASPX)

## Contact Us

We would like to help! You can call or email us, or read our Frequently Asked Questions (faq.aspx) for answers to commonly asked question.

> Call Us: 877-936-4336
> (tel://877-936-4336)

Hours of Operation

Company Address

**Mailing Address**
P.O. Box 639
Parshall, ND 58770

**Physical Address**
217 3rd Avenue NE

Parshall, ND 58770

Loan Processing

Advanced Customer Service

Send A Message

✏️ Apply now! (application.aspx)



**M A X** L E N D (INDEX.ASPX)   📞 (TEL://877-936-4336)   🔒 (LOGIN.ASPX)

# ❓ Common Questions (faq.aspx)

# ✔ How It Works (howitworks.aspx)

# 🔒 Login (login.aspx)

MaxLend, is a sovereign enterprise, an economic development arm and instrumentality of, and wholly-owned and controlled by, the Mandan, Hidatsa, and Arikara Nation, a federally-recognized sovereign American Indian Tribe. (the "Tribe"). This means that MaxLend's loan products are provided by a sovereign government and the proceeds of our business fund governmental services for Tribe citizens. This also means that MaxLend is not subject to suit or service of process. Rather, MaxLend is regulated by the Tribe. If you do business with MaxLend, your potential forums for dispute resolution will be limited to those available under Tribal law and your loan agreement. As more specifically set forth in MaxLend's contracts, these forums include an informal but affordable and efficient Tribal dispute resolution, or individual arbitration before a neutral arbitrator. Otherwise, MaxLend is not subject to suit or service of process. Neither MaxLend nor the Tribe has waived its sovereign immunity in connection with any claims relative to use of this website. If you are not comfortable doing business with sovereign instrumentality that cannot be sued in court, you should discontinue use of this website.

 (https://onlinelendersalliance.org/look-for-the-ola-seal/)    (http://ssl.comodo.com)

| HOME (INDEX.ASPX) |
| --- |

| HOW IT WORKS (HOWITWORKS.ASPX) |
| --- |

| FAQ (FAQ.ASPX) |
| --- |

| PREFERRED (PREFERRED) |
| --- |

| PRIVACY (PRIVACY.ASPX) |
| --- |

| CONTACT (CONTACT.ASPX) |
| --- |

**M A X** L E N D (INDEX.ASPX) © MaxLend 2020 | All rights Reserved ☎ (TEL://877-936-4336) 🔒 (LOGIN.ASPX)

P.O. Box 639 | Parshall, ND 58770

Sitemap (sitemap.aspx)

MaxLend is a lender owned by the Mandan, Hidatsa, and Arikara Nation — the Three Affiliated Tribes of the Fort Berthold Reservation, a sovereign nation located within the United States of America.

# EXHIBIT "B"

**CHASE❖**

December 17, 2019 through January 16, 2020
Account Number: ▓▓▓▓▓▓ **2692**

| TRANSACTION DETAIL | *(continued)* |
|---|---|

| DATE | DESCRIPTION | | | AMOUNT | BALANCE |
|---|---|---|---|---|---|
| | | | | | |
| 01/03 | Maxlend | Fees | 57511A20078954  Web ID: 90000A2133 | -263.98 | 1,163.38 |

## Transaction History

**Customer:** GLORIA JEAN OUSLEY BELLAMY
GLORIA JEAN OUSLEY BELLAMY

**Account:** MI/FL/GA/NC/SC Checking #XXXXX2692

*required field

| Current Balance | Present Balance | Available Less Overdraft | Calendar |
|---|---|---|---|
| $301.16 | $106.05 | $106.05 | |

**Showing $263.98 Transactions**

*denotes end of day balance

| Date Posted | Tran Type | Description | $ Debits(-) | $ Credits(+)$ | Balance |
|---|---|---|---|---|---|
| 02/03/2020 | ACH Debit | MaxLend Fees 57 | -263.98 | | |
| 01/03/2020 | ACH Debit | MaxLend Fees 57 | -263.98 | | |

**Transaction History**

**Customer:** GLORIA JEAN OUSLEY BELLAMY
GLORIA JEAN OUSLEY BELLAMY

**Account:** MI/FL/GA/NC/SC Checking #XXXXX2692

# EXHIBIT "C"

*required field

| Current Balance 🔢 | Present Balance 🔢 | Available Less Overdraft 🔢 | Calendar 📅 |
|---|---|---|---|
| $301.16 | $106.05 | $106.05 | |

**Showing Tran Code 318 Transactions**                          *denotes end of day balance

| Date Posted | Tran Type | Description | $ | Debits(-) | $ | Credits(+) $ | Balance |
|---|---|---|---|---|---|---|---|
| 02/03/2020 | Fee | STOP PAYMENT FEE | | -30.00 | | | |

**From:** MaxLend Loans
**Sent:** Thursday, January 30, 2020 4:06 AM
**To:** glorbella57@gmail.com
**Subject:** Payment reminder from MaxLend.



# EXHIBIT "D"

Your next scheduled loan payment is due soon.
Click here to view this message in a browser window.

 **MAX**LEND                    CALL   |   LOGIN



# Your scheduled payment is due soon.

Hi Gloria Jean,

Just a little reminder that the next scheduled payment for your MaxLend installment loan is due in 4 days. Please ensure that funds are available in your account.



Check Loan Status

Max Lend

# EXHIBIT "F"

Feb 5th (wed) 1:31pm-786-796-337

Feb 6th (Thur) 9:13-am
10:34-am
10:37-Am
10:58-Am-786-233-661
1:50-pm-786-796-340

Feb 7th (fRi) 8:40-am
11:38-pm-786-796-334
12:10-pm.

Feb 8th (sat-10:41-Am-786-796-3372

Feb 11th (mon) 8:49-Am-786-796-3341

Feb 12th (Tues) 9:08 am-786-796-351

MaxLend

Feb 12th (wed) - 8:23 am - 786 - 796 - 3407

Feb 13th (Thur) - 11:06 AM - 786 - 796 - 3341

Feb 14th (FRi) 10:45 am - 786 - 796 - 331

786 - 796 - 3407
Feb 15th (Sat) 9:27 am

# EXHIBIT "D"



**ORDERED in the Southern District of Florida on March 16, 2020.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:                                              Case No. 19-26594-EPK

**GLORIA JEAN OUSLEY BELLAMY,**                     Chapter 13

    Debtor.
_____/

## ORDER AWARDING ACTUAL AND PUNITIVE DAMAGES
## AGAINST MAKE CENTS INC. d/b/a MAXLEND

    This matter came before the Court for hearing on March 5, 2020 upon the *Debtor's Amended Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Make Cents Inc. d/b/a MaxLend* [ECF No. 29] (the "Motion") filed by Gloria Jean Ousley Bellamy, the Debtor in this chapter 13 case.

    The Debtor duly served the Motion and related notice of hearing by Federal Express, as well as by United States mail, on Make Cents, Inc. d/b/a/ MaxLend ("MaxLend") [ECF No. 33]. MaxLend did not file a response to the Motion, nor did MaxLend appear at the hearing.

    The Court carefully reviewed the Motion and considered arguments presented at the hearing.

The Court finds that MaxLend willfully violated the automatic stay imposed under 11 U.S.C. § 362(a) by twice attempting to take funds from the Debtor's bank account via electronic transfer (once successfully) and by telephoning the Debtor on a nearly daily basis, in an effort to collect a pre-bankruptcy obligation, all after obtaining both constructive and actual notice of the Debtor's bankruptcy case. MaxLend continued these collection actions even after it was pointed out, by service of a prior motion, that its collection attempts were in violation of the automatic stay and that it could be held liable for actual and punitive damages under 11 U.S.C. § 362(k).

As a result of MaxLend's actions in knowing violation of the automatic stay, the Debtor was required to retain counsel. Counsel charged the Debtor fees and expenses in connection with this matter in the aggregate amount of $2,281.70, which the Court finds reasonable under the circumstances of this case. MaxLend actually took the sum of $263.98 from the Debtor's bank account in violation of the automatic stay. The Debtor suffered additional damages in the amount of $30.00, which she was required to pay to her bank to stop payment when MaxLend attempted to take funds out of her account a second time. The Court will order MaxLend to pay to the Debtor actual damages in the aggregate sum of $2,575.68, which includes legal fees and costs, funds taken from her account, and fees she was required to pay to her bank.

Because MaxLend continued to intentionally violate the automatic stay even after it was advised, by duly filed motion served on it, that its actions were in violation of the stay and that it could be held liable for actual and punitive damages, the Court finds that punitive damages are appropriate. The Debtor requested punitive damages in the amount of $5,000.00. The Court considers this amount of punitive damages to be reasonable and appropriate under the circumstances of this case. Said amount is approximately twice the total actual damages sustained by the Debtor as a result of MaxLend's intentional and

knowing violation of the automatic stay and thus is well within the range of punitive damages historically found appropriate by the United States Supreme Court. *In re WVF Acquisition, LLC*, 420 B.R. 902, 915 (Bankr. S.D. Fla. 2009) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-83 (1996)).

For the foregoing reasons, in addition to the reasons stated on the record at the hearing, the Court ORDERS and ADJUDGES as follows:

1. The Motion [ECF No. 29] is GRANTED.

2. Pursuant to 11 U.S.C. § 362(k)(1), the Court awards to the Debtor actual damages in the amount of $2,575.68.

3. Pursuant to 11 U.S.C. § 362(k)(1), the Court awards to the Debtor punitive damages in the amount of $5,000.00.

4. MaxLend hereby is directed to pay the total sum of $7,575.68 to counsel for the Debtor, for the benefit of the Debtor, no later than April 15, 2020. Funds shall be payable to the Mark S. Roher, P.A. Trust Account and shall be delivered to Mark S. Roher, Esq., 150 S. Pine Island Road, Suite 150, Plantation, FL 33324.

5. If the Debtor does not receive payment in full of the actual and punitive damages by the deadline provided in this order, the Debtor may file an *ex parte* motion asking the Court to enter judgment against MaxLend for the unpaid sum so that the Debtor may seek execution against MaxLend by customary means.

### ###

Copies to:

Mark S. Roher, Esq.

*Mark S. Roher, Esq. shall serve a copy of this order on all parties in interest and file a certificate of service with the Court.*

# EXHIBIT "E"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISON**
www.flsb.uscourts.gov

| | |
|---|---|
| **GLORIA JEAN OUSLEY BELLAMY,** | **Case No. 19-26594-EPK** |
| **Debtor.** | **Chapter 13** |

_____/

### DEBTOR'S SECOND MOTION FOR THE IMPOSITION OF SANCTIONS AND AN AWARD OF DAMAGES, PUNITIVE DAMAGES, ATTORNEYS' FEES AND COSTS AGAINST MAKE CENTS INC. d/b/a MAXLEND

Debtor, Gloria Jean Ousley Bellamy ("Debtor"), by and through her undersigned counsel who is making a limited appearance in this case for the sole purpose of filing and prosecuting this motion, and pursuant to 11 U.S.C. §§ 105(a) and 362(k)(1), files this Second Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Make Cents, Inc. d/b/a MaxLend ("MaxLend") its continued repeated willfully violations of the automatic stay, as follows:

**A.      Relevant Background**

1.      On February 18, 2020, Debtor filed is Original Motion for Sanctions for Willfully Violating the Automatic Stay (the "Original Motion") [ECF No. 29], which in the interests of brevity is fully incorporated herein.

2.      On March 5, 2020, the Court held a hearing on the Original Motion which was duly-noticed to MaxLend, who did not appear or file any response to the Original Motion.

3.      On March 16, 2020, the Court entered its Order Awarding Actual and Punitive Damages Against MaxLend [ECF No. 35].

**B.      MaxLend's Continued Phone Calls and Emails**

4.      MaxLend's willful violations of the automatic stay have persisted as the Debtor has received phone calls from MaxLend every single day (except Sundays) from February 17, 2020 through and including March 16, 2020, as set forth on the Debtor's updated hand-written phone log attached hereto as set forth on Exhibit "1".

5.      MaxLend has also continued to email Debtor as well as set forth on Exhibit "2" attached hereto.

**B.      Legal Authority**

6.      Section 362(k)(1) of the Bankruptcy Code authorizes the award of actual and punitive damages for willful violations of the automatic stay. *Vaughn v. Cent. Miss. Credit Corp. (In re Vaughn)*, 542 B.R. 589, 598 (Bankr. M.D. Ala. 2015).

7.      In the case of *In re WVF Acquisition, LLC*, 420 B.R. 902, 910 (Bank. S.D. Fla. 2009) (Kimball, J.), this Court held:

> Damages may be awarded for violation of the automatic stay when the violation is "willful." *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996) (citations omitted).  A violation of the automatic stay is "willful if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *Id*. (citing cases in other circuits). The requirement that the violator knew of the automatic stay does not mean that the violator need be aware of the provisions of section 362. It is sufficient that the violator had actual knowledge of the bankruptcy case, *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004), or "notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed." *Sansone v. Walsworth (In re Sansone)*, 99 B.R. 981, 984 (Bankr. C.D. Cal. 1989) (citation omitted).

*Id*.

8.      MaxLend's actions discussed above represent a willful violation of the automatic stay because it had actual knowledge of this bankruptcy case and of the automatic stay and has continued to collect and attempt to collect monies from the Debtor in violation of 11 U.S.C. §

362(a)(6) (the automatic stay prevents a creditor from undertaking "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case").

9.      As a result of Debtor's willful violations of the automatic stay, the Debtor has been injured and he entitled to recover actual damages, including costs and attorneys' fees pursuant to 11 U.S.C. § 362(k)(1).

10.     When faced with the issue of punitive damages for willful violations of the automatic stay, this Court also held:

> "[P]unitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are 'reserved . . . for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief.' To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987) (quoting *Cochetti v. Desmond*, 572 F.2d 102, 106 (3d Cir. 1978)). Decisions awarding punitive damages in this context typically consider the following factors: (1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor. *Id*. at 905-06; *see also In re White*, 410 B.R. 322, 327 (Bankr. M.D. Fla. 2009) (citing cases); *In re Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003) (citing various cases).

*Id*. at 914

11.     In this case, MaxLend's action justify the imposition of **additional punitive damages** due the continuous and numerous violations of the automatic stay discussed above.  The Debtor has been harassed constantly with phone calls and emails after filing bankruptcy.

12.     Undersigned has no reason to believe MaxLend has any inability to pay an **additional punitive damage** award and should suffer severe punishment to deter any future willful violations of the automatic stay in other bankruptcy cases and causing harm to innocent debtors.

13.     As such, based on the facts and applicable law discussed herein, the Court should award **additional punitive damages** and attorneys' fees against MaxLend pursuant to 11 U.S.C.

3

§ 362(k)(1).

      **WHEREFORE**, the Debtor respectfully requests the entry of an order imposing sanctions against Make Cents, Inc. d/b/a MaxLend for willfully violating the automatic stay, awarding additional punitive damages, attorney's fees and costs in favor of the Debtor and against Make Cents, Inc. d/b/a MaxLend and providing for such other relief as the Court deems just and proper.

      Respectfully submitted on this 18th day of March, 2020.

                **LAW OFFICE OF MARK S. ROHER, P.A.**
                *Counsel for Debtor*
                150 S. Pine Island Road, Suite 300
                Plantation, Florida 33324
                Email:  mroher@markroherlaw.com
                Telephone:  (954) 353-2200
                Facsimile:  (877) 654-0090
                By:   */s/ Mark S. Roher*
                       Mark S. Roher
                       Florida Bar No. 178098

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 18th day of March, 2020, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below and by U.S. Mail, Federal Express and facsimile where indicated on March 18, 2020.

                       */s/ Mark S. Roher*
                       Mark S. Roher

**CM/ECF**

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**U.S. Certified Mail: #7017 1450 0001 6033 5926**
Make Cents, Inc. d/b/a MaxLend
Attn: Richard Mayer, Chief Operating Officer
217 3rd Ave
Parshall, ND 58770
Fax: (701) 862-2368

4

**EXHIBIT "1"**

MaxLend - (Case-19-26594-EPK
(they Change numbers)- same areacide)
Just in case I didn't send you
these dates; (Sat)- 15th 9:27am- 786
796
3372

Feb - 17th (mon) 8:23am     " "

Feb - 18th (Tues) - 10:21 am - 786-796-3407

Feb - 19th (wed) - 10:27-am - 786-796-3341

Feb - 20th (Thur) - 9:08am - 786-796-3320
1:31-pm.
5:36-pm

Feb - 21th (Fri) - 8:49 am - 786-796-3407
12:02-pm
5:22-pm

Feb - 22nd (Sat) 9:13-am  786-796-3341

Feb - 24th (mon) 11:29-am   786-796-3407
12:57-pm
4:30-pm

Feb - 25th (Tues - 8:08-am 786-796-3341

Feb - 26th (Wed) 7:11 am 786-796-3372

Feb - 27th (Thur) 8:04 am - 786-796-3407

Feb - 28th (FRi) 12:38 pm - 786-796-3341

Feb - 29th (Sat) 9:12 am. 786-796-3373

MaxLend

March 2nd (mon) 8:09 -786-796-3341
11:50 am
5:06-pm

March - 3rd (tue) 10:43- am  786-796-3372
11:10 -pm
6:10 -Pm

March - 44h (Wed) 10:11- am  786-796-3407
12:26 pm
4:38-pm

March - 54h (Thur) 8:08-am 786-796-3341

March - 64h (FRi) 8:57 am  786 796-3372

March - 94h (mon) 2:03-Pm 786-796-3372
5:04 -Pm
6:34-Pm

March - 10th

Case 1:20-cv-20894-PRK Doc 59 Filed 04/21/20 Page 33 of 47

796-3407

March - 11th - (Wed) - 2:35-pm 786-796-3341

-6:36 pm

March -12th (Thur) - 2:59pm 786-796-3372

6:08-pm  1 1 1

March-13th (FRi)-11:37-am-786-796-3407

11    11      11  - 4:42-pm - 11  11  11

March - 16th (Mon)-1:55 pm-786-796-3407

 Gmail

**gloria bellamy <glorbella57@gmail.com>**

## Notice: Missed Payment.

1 message

**MaxLend Advanced Customer Service** <acs@maxlend.com>
Reply-To: MaxLend Team <info@maxlend.com>
To: glorbella57@gmail.com

Mon, Mar 2, 2020 at 1:00 PM

# EXHIBIT "2"

 Click here to view this message in a browser window.

**MAXLEND**

**CALL | LOGIN**

Hi Gloria,

You've missed a loan payment, and as of today, your MaxLend account is past due in the amount of $994.16.

**Let's get you back on course.**

We understand that unexpected expenses arise -- and we want to help you resolve this outstanding balance. To bring your account up to date, please choose one of these methods to submit your $994.16 payment.

    Simply **LOG IN**, click "Loan Details" and select "Schedule Payment."

    **Call us at** 877-943-6784. Agents are available to assist you from 7 a.m. to 8 p.m. CST Monday through Thursday, 7 a.m. to 6 p.m. CST Friday and 8 a.m. to 2 p.m. CST Saturday.

We appreciate your business and we're here to help.

Sincerely,
MaxLend Advanced Customer Service

MaxLend, is a sovereign enterprise, an economic development arm and instrumentality of, and wholly-owned and controlled by, the Mandan, Hidatsa, and Arikara Nation, a federally-recognized sovereign American Indian Tribe. (the "Tribe"). This means that MaxLend's loan products are provided by a sovereign government and the proceeds of our business fund governmental services for Tribe citizens. This also means that MaxLend is not subject to suit or service of process. Rather, MaxLend is regulated by the Tribe. If you do business with MaxLend, your potential forums for dispute resolution will be limited to those available under Tribal law and your loan agreement. As more specifically set forth in MaxLend's contracts, these forums include an informal but affordable and efficient

# EXHIBIT "F"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISON**
www.flsb.uscourts.gov

**GLORIA JEAN OUSLEY BELLAMY,**                    **Case No. 19-26594-EPK**

    **Debtor.**                                        **Chapter 13**

_____/

**SUPPLEMENT TO**
**DEBTOR'S SECOND MOTION FOR THE IMPOSITION OF SANCTIONS**
**AND AN AWARD OF DAMAGES, PUNITIVE DAMAGES, ATTORNEYS'**
**FEES AND COSTS AGAINST MAKE CENTS INC. d/b/a MAXLEND**

Debtor, Gloria Jean Ousley Bellamy ("Debtor"), by and through her undersigned counsel who is making a limited appearance in this case for the sole purpose of filing and prosecuting this motion, and pursuant to 11 U.S.C. §§ 105(a) and 362(k)(1), files this Supplement to Second Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs (the "Second Sanctions Motion") [ECF No. 39] Against Make Cents, Inc. d/b/a MaxLend ("MaxLend") its continued repeated willfully violations of the automatic stay, as follows:

1.      On March 16, 2020, the Court entered its Order Awarding Actual and Punitive Damages Against MaxLend (the "Sanctions Order") [ECF No. 35].

2.      On March 22, 2020, undersigned personally went to the U.S. post office to serve the Sanctions Order, Second Sanctions Motion and Notice of Hearing [ECF No. 40] by certified mail.

3.      The Sanctions Order, Second Sanctions Motion and Notice of Hearing were served via certified mail on MaxLend on March 24, 2020, a set forth on the receipt attached hereto as Exhibit "A".

4.      Notwithstanding, MaxLend has continued to call and email the Debtor, showing a

1

complete disregard to the Court's Sanctions Order.

5.       Specifically, MaxLend has called the Debtor on the phone nearly every single day from March 23, 2020 through April 7, 2020, attempting to collect on the prepetition debt, as set forth on the phone log prepared by the Debtor which is attached hereto as Exhibit "B".

6.       MaxLend has also continued to email the Debtor, attempting to collect on the prepetition debt, as set forth on Exhibit "C".

7.       On April 8, 2020, undersigned spoke with "Trisha" one of MaxLend's customer service representatives located in the county of Belize and provided information about this bankruptcy case.

8.       Trisha requested undersigned fax documents to MaxLend and that an individual named Nia Hodo will call to discuss this matter.

9.       Undersigned immediately complied with request and faxed over the following pleadings along with the Notice of Bankruptcy Case Commencement:

   a.       Sanctions Motion [ECF No. 28];

   b.       Amended Motion for Sanctions [ECF No. 29];

   c.       Notice of Filing Confirmation of FedEx Delivery [ECF No. 33];

   d.       Order Imposing Sanctions and Punitive Damages [ECF No. 35];

   e.       Second Sanction Motion [ECF No. 39]; and

   f.       Notice of Hearing [ECF No. 40].

10.      Undersigned's time sheets showing the fees and costs incurred in connection with the Second Sanctions Motion is attached hereto as Exhibit "D".

   **WHEREFORE**, the Debtor respectfully requests the entry of an order imposing additional sanctions against Make Cents, Inc. d/b/a MaxLend for willfully violating the automatic stay,

awarding additional punitive damages, attorney's fees and costs in favor of the Debtor and against

Make Cents, Inc. d/b/a MaxLend and providing for such other relief as the Court deems just and

proper.

Respectfully submitted on this 8th day of April, 2020.

> **LAW OFFICE OF MARK S. ROHER, P.A.**
> *Counsel for Debtor*
> 150 S. Pine Island Road, Suite 300
> Plantation, Florida 33324
> Email:  mroher@markroherlaw.com
> Telephone:  (954) 353-2200
> Facsimile:  (877) 654-0090
> By:___*/s/ Mark S. Roher*_____
>       Mark S. Roher
>       Florida Bar No. 178098

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 8th day of April, 2020, a true and correct copy of the

foregoing was served by CM/ECF on all parties listed below and by facsimile where indicated on

April 8, 2020.

> ___*/s/ Mark S. Roher*_____
> Mark S. Roher

<u>**CM/ECF**</u>

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

<u>**Via Facsimile**</u>
Make Cents, Inc. d/b/a MaxLend
Attn: Richard Mayer, Chief Operating Officer
217 3rd Ave
Parshall, ND 58770
Fax: (855) 558-1460

# EXHIBIT "A"



| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*     C. Date of Delivery  3-24-20 |
| 1. Article Addressed to:<br><br>Make Cents, Inc.<br>Attn: Richard Mayer COO<br>217 3rd Ave NE<br>Parshall, ND 58770 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 5479 9249 8943 25 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7019 2280 0001 3533 2330 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

MaxLend.

**EXHIBIT "B"**

March - 23rd (mon) - 2:33pm - 786-796 3341
5:42 pm

March - 24th (Tue) 3:15-pm - 786-796 3372

March - 25th (wed) - 1:52-pm - 786-796 3407
5:55-pm

March - 26th (Thu) - 12:51-pm 786-796 3341
- 5:09 - pm

March - 27th (FRi) -11:19am 786-796 3372
4:20-pm

March - 30th (mon) 11:23 am
3:54-pm

March - 31st - (Tue) 1:17-pm - 786-796 3407
2:35-pm
5:54-pm

APRIL - 1st (wed) 10:55-am - 786-796 3341
2:48-pm

APRIL - 2nd (Thu) 10:59-am - 786-796
1:45-pm -

APRIL -3rd - FRi) 10:53-am - 786-796 3372
4:55-pm

APRIL - 6th (mon) 10:16am 786- 796 3407

APRIL - 7th (Tue) -10:01-AM -786-796-3341

 **Gmail**

# EXHIBIT "C"

gloria bellamy <glorbella57@gmail.com>

---

## Gloria, We Haven't Received Your Payment.

1 message

---

**MaxLend Advanced Customer Service** <acs@maxlend.com>
Reply-To: MaxLend Team <info@maxlend.com>
To: glorbella57@gmail.com

Wed, Apr 1, 2020 at 1:05 PM

---

Click here to view this message in a browser window.

 **MAXLEND**

CALL | LOGIN

---

Hi Gloria,

We recently reached out to you about your missed payment. As of today, your MaxLend account remains past due in the amount of $994.16.

### We can assist you.

We'd like to work with you to resolve your outstanding balance. As soon as possible, please submit your payment of $994.16.

Simply login to maxlend.com

click "Loan Details" and select "Schedule Payment."

If you're unable to access our payment portal - or if you'd prefer to schedule your payment over the phone - call us at 877-943-6784. Agents are available to assist you Monday through Thursday, from 7 AM - 8 PM CST, Friday 7 AM - 6 PM CST or Saturday 8 AM - 2 PM CST.

Thanks for your prompt attention to this matter.

Regards,

MaxLend Advanced Customer Service

---

MaxLend, is a sovereign enterprise, an economic development arm and instrumentality of, and wholly-owned and controlled by, the Mandan, Hidatsa, and Arikara Nation, a federally-recognized sovereign American Indian Tribe, (the "Tribe"). This means that MaxLend's loan products are provided by a sovereign government and the proceeds of our business fund governmental services for Tribe citizens. This also means that MaxLend is not subject to suit or service of process. Rather, MaxLend is regulated by the Tribe. If you do business with MaxLend, your potential forums for dispute resolution will be limited to those available under Tribal law and your

 **Gmail**

gloria bellamy <glorbella57@gmail.com>

## Make A New Payment Plan Today

1 message

**acs@maxlend.com** <acs@maxlend.com>
To: glorbella57@gmail.com

Wed, Apr 1, 2020 at 7:57 AM

Dear Gloria Bellamy,

According to our records, your payment of $994.16 is due.

Since you have established an excellent credit rating with us, we are surprised to see a problem arise. If this is an error, or you are unable to pay the amount due immediately, please contact me today in order to establish suitable arrangements for prompt payment of this obligation.

I can be reached @ (877) 943-6784 until 7pm CST or simply reply to this email. You also have the option of mailing your past due amount directly to the following address;

**Max Lend**

**P.O. Box 428**

**Parshall, ND 58770**

Thank you for your attention to this request.

Sincerely,

Kendrick

(877) 943-6784

Makes Cents, Inc. d/b/a "MaxLend" is a tribal lending agency of and a sovereign enterprise, wholly-owned and controlled by the Mandan, Hidatsa, and Arikara Nation, a federally-recognized American Indian tribe, and operates within the Tribe's reservation. All Loans are made pursuant to the Tribe's Credit Transaction Code. MaxLend operates in accord with Tribal law, including following the principles of all federal consumer protection laws. As a Tribal government entity, MaxLend is not subject to suit or service of process. You may be limited as to what, if any, legal action you might bring against MaxLend. For more information regarding doing business with a sovereign entity, please visit maxlend.com.

 **Gmail**

gloria bellamy <glorbella57@gmail.com>

## Your Account Is Past Due.
1 message

**MaxLend Advanced Customer Service** <acs@maxlend.com>
Reply-To: MaxLend Team <info@maxlend.com>                    Sat, Apr 4, 2020 at 1:00 PM
To: glorbella57@gmail.com

Click here to view this message in a browser window.

 **MAXLEND**                    CALL | LOGIN

Hi Gloria,

Please be advised that as of today, your MaxLend account remains past due in the amount of $994.16.

As soon as possible, please submit your payment of $994.16.

Simply login to maxlend.com
click "Loan Details" and select "Schedule Payment."

If you're unable to access our payment portal - or if you'd prefer to schedule your payment over the phone - call us at 877-943-6784. Agents are available to assist you Monday through Thursday 7 AM - 8 PM CST, Friday 7 AM - 6 PM CST or Saturday 8 AM - 2 PM CST.

We appreciate your prompt attention to this matter.

Regards,
MaxLend Advanced Customer Service

MaxLend, is a sovereign enterprise, an economic development arm and instrumentality of, and wholly-owned and controlled by, the Mandan, Hidatsa, and Arikara Nation, a federally-recognized sovereign American Indian Tribe, (the "Tribe"). This means that MaxLend's loan products are provided by a sovereign government and the proceeds of our business fund governmental services for Tribe citizens. This also means that MaxLend is not subject to suit or service of process. Rather, MaxLend is regulated by the Tribe. If you do business with MaxLend, your potential forums for dispute resolution will be limited to those available under Tribal law and your loan agreement. As more specifically set forth in MaxLend's contracts, these forums include an informal but affordable and efficient Tribal dispute resolution, or individual arbitration before a neutral arbitrator. Otherwise, MaxLend is not subject to suit or service of process. Neither MaxLend nor the Tribe has waived its sovereign immunity in connection with any claims relative to use of this email.

You are receiving this email because you applied for a loan with maxlend.com. To ensure that you receive your MaxLend account emails, please add acs@maxlend.com to your address book or safe senders list.

# EXHIBIT "D"

# INVOICE

From **Law Office of Mark S. Roher, P.A.**

150 S. Pine Island Road
Suite 300
Plantation, FL 33324

| | | | |
|---|---|---|---|
| Invoice ID | **752** | Invoice For | **Gloria Bellamy** |
| Issue Date | 04/08/2020 | | |
| Due Date | 04/08/2020 (upon receipt) | | |

| Item Type | Description | Quantity | Unit Price | Amount |
|---|---|---|---|---|
| Service | Chapter 13 stay violation - 03/06/2020 - Bankruptcy / Mark Roher: Prepare and upload order sanctioning MaxLend. | 0.30 | $400.00 | **$120.00** |
| Service | Chapter 13 stay violation - 03/18/2020 - Bankruptcy / Mark Roher: Prepare second sanctions motion. | 1.00 | $400.00 | **$400.00** |
| Service | Chapter 13 stay violation - 04/07/2020 - Bankruptcy / Mark Roher: Call with client and review of documents showing continued calls and emails. | 0.30 | $400.00 | **$120.00** |
| Service | Chapter 13 stay violation - 04/08/2020 - Bankruptcy / Mark Roher: Prepare supplement to second sanctions motion and phone call with MaxLend. | 1.20 | $400.00 | **$480.00** |
| Product | Chapter 13 stay violation - 04/08/2020 - Postage / Mark Roher | 1.00 | $6.95 | **$6.95** |
| Product | Chapter 13 stay violation - 04/08/2020 - Courtcall / Mark Roher | 1.00 | $35.00 | **$35.00** |

**Amount Due**     **$1,161.95**

# EXHIBIT "G"



**ORDERED in the Southern District of Florida on April 13, 2020.**

_____
**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISON**
www.flsb.uscourts.gov

**GLORIA JEAN OUSLEY BELLAMY,**           **Case No. 19-26594-EPK**

    **Debtor.**                                                       **Chapter 13**

_____/

### ORDER AWARDING ADDITIONAL ACTUAL AND
### PUNITIVE DAMAGES AGAINST MAKE CENTS INC.  d/b/a MAXLEND

This matter  came before the Court for hearing on April 9, 2020 upon the Debtor's Second Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Make Cents Inc. d/b/a MaxLend [ECF No. 39] (the "Motion") and Supplement to the Motion [ECF No. 45] filed by Gloria Jean Ousley Bellamy, the Debtor in this chapter 13 case.

The Debtor duly served the Motion and related notice of hearing by certified United States mail, on Make Cents, Inc. d/b/a/ MaxLend ("MaxLend") [ECF Nos. 39 and 41]. MaxLend did not file a response to the Motion, nor did MaxLend appear at the hearing.

1

The Court carefully reviewed the Motion and considered arguments presented at the hearing.

The Court finds that despite the Court's prior entry of its Order Sanctioning MaxLend and Award Actual and Punitive Damages (the "First Sanctions Order") [ECF No. 35], MaxLend has continued to willfully violate the automatic stay imposed under 11 U.S.C. § 362(a) by continuing to call the Debtor on the telephone on a nearly daily basis, in an effort to collect a pre-bankruptcy obligation, all after obtaining both constructive and actual notice of the Debtor's bankruptcy case. MaxLend continued these collection actions even after it was pointed out, by service of a prior motion, that its collection attempts were in violation of the automatic stay and that it could be held liable for actual and punitive damages under 11 U.S.C. § 362(k).

As a result of MaxLend's actions in knowing violation of the automatic stay, the Debtor was required to retain counsel. Counsel charged the Debtor fees and expenses in connection with this matter in the aggregate amount of $1,161.95 [ECF No. 46], which the Court finds reasonable under the circumstances of this case. The Court will order MaxLend to pay to the Debtor actual damages in the aggregate sum of $1,161.95.

Because MaxLend continued to intentionally violate the automatic stay even after the entry and service of the First Sanctions Order [ECF No. 35] and a duly filed motion served on it stating that its actions were in violation of the stay and that it could be held liable for actual and punitive damages, the Court finds that punitive damages are appropriate. The Debtor requested punitive damages in the amount of $2,400.00. The Court considers this amount of punitive damages to be reasonable and appropriate under the circumstances of this case. Said amount is approximately twice the total actual damages sustained by the Debtor as a result of MaxLend's intentional and knowing violation of the automatic stay and thus is well within

2

the range of punitive damages historically found appropriate by the United States Supreme Court. *In re WVF Acquisition*, LLC, 420 B.R. 902, 915 (Bankr. S.D. Fla. 2009) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-83 (1996)).

For the foregoing reasons, in addition to the reasons stated on the record at the hearing, the Court ORDERS and ADJUDGES as follows:

1. The Motion [ECF No. 39] is GRANTED.

2. Pursuant to 11 U.S.C. § 362(k)(1), the Court awards to the Debtor actual damages in the amount of $1,161.95.

3. Pursuant to 11 U.S.C. § 362(k)(1), the Court awards to the Debtor punitive damages in the amount of $2,400.00.

4. MaxLend hereby is directed to pay the total sum of $3,561.95 to counsel for the Debtor, for the benefit of the Debtor, no later than May 9, 2020. Funds shall be payable to the Mark S. Roher, P.A. Trust Account and shall be delivered to Mark S. Roher, Esq., 150 S. Pine Island Road, Suite 150, Plantation, FL 33324.

5. If the Debtor does not receive payment in full of the actual and punitive damages by the deadline provided in this order, the Debtor may file an ex parte motion asking the Court to enter judgment against MaxLend for the unpaid sum so that the Debtor may seek execution against MaxLend by customary means.

### 

**Submitted by:**
Mark S. Roher, Esq.
Law Office of Mark S. Roher, P.A.
150 S. Pine Island Road, Suite 300
Plantation, FL 33324
Telephone: (954) 353-2200
Email: mroher@markroherlaw.com

3

**Copies to:**
Mark S. Roher, Esq.

Attorney Roher is directed to serve copies of this order on all interested parties and to file a certificate of service.

4