


**ORDERED in the Southern District of Florida on April 23, 2020.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:** **Case No. 19-26594-EPK**

**GLORIA JEAN OUSLEY BELLAMY,** **Chapter 13**

**Debtor.**
**____________________________________/**

**ORDER TO SHOW CAUSE WHY MAKE CENTS INC. d/b/a MAXLEND SHOULD NOT BE HELD IN CONTEMPT OF COURT AND SANCTIONED FOR FAILING TO COMPLY WITH ORDER AWARDING ACTUAL AND PUNITIVE DAMAGES**

This matter came before the Court upon the *Debtor's Ex-Parte Motion for Order to Show Cause Why Make Cents Inc. d/b/a MaxLend Should Not Be Held in Contempt of Court for Failing to Comply with Order Awarding Actual and Punitive Damages Against Make Cents Inc. d/b/a MaxLend* [ECF No. 53] (the "Motion") filed by Gloria Jean Ousley Bellamy, the Debtor in this chapter 13 case.

On February 18, 2020, the Debtor filed the *Debtor's Amended Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Make Cents Inc. d/b/a MaxLend* [ECF No. 29] (the "First Motion for

Damages"). The Debtor duly served the First Motion for Damages and related notice of hearing by Federal Express and by United States mail on Make Cents, Inc. d/b/a/ MaxLend ("MaxLend") [ECF Nos. 29 and 33]. MaxLend did not file a response to the Motion, nor did MaxLend appear at the hearing.

After carefully reviewing the First Motion for Damages and considering the arguments presented at the hearing, the Court found that MaxLend willfully violated the automatic stay imposed under 11 U.S.C. § 362(a) by twice attempting to take funds from the Debtor's bank account via electronic transfer (once successfully) and by telephoning the Debtor on a nearly daily basis, in an effort to collect a pre-bankruptcy obligation, all after obtaining both constructive and actual notice of the Debtor's bankruptcy case. *Order Awarding Actual and Punitive Damages Against Make Cents Inc. d/b/a MaxLend* [ECF No. 35] (the "First Order Awarding Damages"). The Court also found that MaxLend continued these collection actions even after it was pointed out that its collection attempts were in violation of the automatic stay and that it could be held liable for actual and punitive damages under 11 U.S.C. § 362(k).

As a result of MaxLend's actions in knowing violation of the automatic stay, the Debtor was required to retain counsel. Counsel charged the Debtor fees and expenses in connection with the First Motion for Damages in the aggregate amount of $2,281.70, which the Court found reasonable under the circumstances. MaxLend actually took the sum of $263.98 from the Debtor's bank account in violation of the automatic stay. The Debtor suffered additional damages in the amount of $30.00, which she was required to pay to her bank to stop payment when MaxLend attempted to take funds out of her account a second time. The Court ordered MaxLend to pay to the Debtor actual damages in the aggregate sum of $2,575.68, which included legal fees and costs, funds taken from her account, and fees she was required to pay to her bank.

Because MaxLend continued to intentionally violate the automatic stay even after it was advised, by duly filed motion served on it, that its actions were in violation of the stay and that it could be held liable for actual and punitive damages, the Court found that punitive damages were appropriate. The Debtor requested punitive damages in the amount of $5,000.00, which the Court found to be reasonable and appropriate under the circumstances. Said amount was approximately twice the total actual damages sustained by the Debtor as a result of MaxLend's intentional and knowing violation of the automatic stay and thus was well within the range of punitive damages historically found appropriate by the United States Supreme Court. *See In re WVF Acquisition, LLC*, 420 B.R. 902, 915 (Bankr. S.D. Fla. 2009) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-83 (1996)). In sum, the Court ordered MaxLend to pay $7,575.68 to counsel for the debtor, for the benefit of the Debtor, by April 15, 2020. The First Order Awarding Damages was duly served on MaxLend by United States mail. ECF No. 38.

On March 18, 2020, the Debtor filed the *Debtor's Second Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Make Cents Inc. d/b/a MaxLend* [ECF No. 39] (the "Second Motion for Damages"), which was duly served on MaxLend by United States mail. The notice of hearing for the Second Motion for Damages was also duly served on MaxLend by United States mail. ECF No. 41. The Debtor filed the *Supplement to Debtor's Second Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Make Cents Inc. d/b/a MaxLend* [ECF No. 45] (the "Supplement"), which was duly served on MaxLend by facsimile. The Supplement noted further violations of the automatic stay by MaxLend. MaxLend did not file a response to the Second Motion for Damages and did not appear at the hearing.

After carefully reviewing the Second Motion for Damages and the Supplement and considering the arguments presented at the hearing, the Court found that, despite its prior entry of the First Order Awarding Damages, MaxLend continued to willfully violate the automatic stay imposed under 11 U.S.C. § 362(a) by continuing to call the Debtor on the telephone on a nearly daily basis, in an effort to collect a pre-bankruptcy obligation. *Order Awarding Additional Actual and Punitive Damages Against Make Cents Inc. d/b/a MaxLend* [ECF No. 50] (the "Second Order Awarding Damages"). The Debtor had to retain counsel once again, and counsel charged the Debtor fees and expenses in connection with the Second Motion for Damages in the aggregate amount of $1,161.95, which the Court found to be reasonable under the circumstances. The Court ordered MaxLend to pay to the Debtor actual damages in the aggregate sum of $1,161.95.

Because MaxLend continued to intentionally violate the automatic stay even after the service of the First Order Awarding Damages and a duly filed motion served on it stating that its actions were in violation of the automatic stay, the Court found that punitive damages were appropriate. The Debtor requested $2,400.00 in punitive damages, which the Court found to be reasonable and appropriate under the circumstances. *See In re WVF Acquisition, LLC*, 420 B.R. at 915 (citing *BMW of N. Am. Inc.*, 517 U.S. at 580-83). In sum, the Court ordered MaxLend to pay $3,561.95 to counsel for the Debtor, for the benefit of the Debtor, by May 9, 2020. The Second Order Awarding Damages was duly served on MaxLend by facsimile. ECF No. 51.

In the Motion now before the Court [ECF No. 53], the Debtor informed the Court that MaxLend did not pay $7,575.68 by the April 15, 2020 deadline. In light of the foregoing, the Court ORDERS and ADJUDGES that:

1. The Motion [ECF No. 53] is GRANTED to the extent provided herein.

2. A duly authorized corporate representative of MaxLend and counsel representing MaxLend shall both appear for hearing before the Honorable Erik P. Kimball on **May 14, 2020 at 10:00 a.m.** to show cause why MaxLend should not be held in contempt and sanctioned. Potential sanctions may include a monetary sanction in the form of a daily sanction not to exceed $5,000 per day. The hearing will be by telephone only. The parties are instructed to consult with the Court's website, https://www.flsb.uscourts.gov, to ascertain how to appear by telephone.

3. If MaxLend fails to appear at the hearing, both through a duly authorized corporate representative and counsel, the Court may order that Richard Mayer, the current chief operating officer named in the Motion [ECF No. 53], be apprehended by the United States Marshal Service and brought, in person, to a hearing before the Court.

###

Copies to:

Mark S. Roher, Esq.

*Mark S. Roher, Esq. shall serve a copy of this order on all parties in interest and file a certificate of service with the Court.*